# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTBURY GROUP LLC,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>SPECIALTY FUELS BUNKERING LLC; F. JAVIER BRITO; INGRAM LEE; and VICTOR BROSSETT,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv0521 JM(WMC)<br><br>ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

Defendants Specialty Fuels Bunkering LLC ("Specialty"), F. Javier Brito, Ingram Lee and Victor Brossett, move to dismiss the complaint for lack of subject matter jurisdiction and lack of personal jurisdiction and for change of venue. Plaintiff Westbury Group LLC ("Westbury") opposes all motions. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss for lack of subject matter jurisdiction is denied without prejudice, the motion to dismiss for lack of personal jurisdiction is granted, and the motion to transfer is denied as moot. The Clerk of Court is instructed to close the file.

## BACKGROUND

On March 16, 2011, Westbury commenced this action alleging claims against all Defendants for breach of contract, breach of the covenant of fair dealing and good faith, and unjust enrichment. Westbury seeks compensatory damages as well as injunctive relief.

Westbury, a limited liability company with its principal place of business in Connecticut, brings

claims arising from an October 18, 2010 Agreement ("Agreement") entered into between Specialty and Navitas Corporate Finance, LLC ("Navitas"). (Compl. ¶¶2, 8). On November 8, 2010 Navitas, with the consent of Specialty, an Alabama LLC with its principal place of business in Alabama, (Compl. ¶3), assigned its rights under the Agreement to Westbury. (Compl. ¶9, 10). Westbury does not allege the citizenship of its individual members nor that of the individual defendants, all alleged shareholders in Specialty. (Compl. ¶4).

Navitas provides corporate financing activities and Specialty is a company providing fueling services. Pursuant to the Agreement,

> Navitas agreed to provide corporate finance services to Specialty including advising with respect to Specialty's strategic growth plan, advising, and assisting Specialty with respect to its financing requirements, identifying, contracting, introducing and negotiating with financing sources and advising Specialty with respect to the structure of any financing transactions. In return, Specialty agreed to compensate Navitas with a "success fee" for any "Transactions" during the time of the engagement or a tail period. Inter alia, the success fee provides for a fee of 2% in cash (plus warrants) on the amount of any senior debt issued by the company during the term of the engagement and 12 months thereafter.

(Compl. ¶8). Westbury alleges that it performed all required obligations under the Agreement, including, among other things, identifying, contacting, introducing and negotiating with financing sources. (Compl. ¶13). Ultimately, Westbury "recommended a transaction with PNC and then negotiated a proposal from PNC which was accepted by" Specialty. (Compl. ¶14). Specialty did not pursue the financing offered by PNC. (Compl. ¶15). Westbury has since learned that Specialty obtained financing of $30-50 million and estimates that Specialty "will enter into additional financing aggregating at least $80 million over the next 12 months." (Compl. ¶17).

Westbury alleges that Specialty breached the Agreement by, "among other things, refusing to cooperate with the implementation of the agreement, refusing to communicate with Navitas/Westbury and refusing to pay Navitas/Westbury its agreed-upon 'success fee.'" (Compl. ¶18).

Specialty now moves to dismiss the complaint for lack of subject matter jurisdiction, to dismiss for lack of personal jurisdiction, and to transfer venue. All motions are opposed.

## DISCUSSION

**Subject Matter Jurisdiction**

Specialty moves to dismiss the complaint for lack of subject matter jurisdiction because

Westbury does not allege the citizenship of either parties' member entities, whether individual partners or corporations. Specialty correctly argues that the citizenship of limited liability companies is the citizenship of its members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

The court denies this motion without prejudice because Westbury represents that all parties are diverse and that it can amend the complaint to assert, to the extent known, the citizenship of all parties. The court notes that the discovery process will permit Westbury to discover the citizenship of Specialty's members.

**Personal Jurisdiction**

Pursuant to Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996). As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. § 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893. "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Where the court does not conduct an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

On a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of establishing contacts by the non-resident defendant sufficient to establish personal jurisdiction. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (9th Cir. 1989).

> [O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

Id. If the matter proceeds to trial, plaintiff must prove the jurisdictional facts by a preponderance of the evidence. Id.

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299 (9th Cir.1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related acts gave rise to the action before the court. Id.

The Ninth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act purposefully to avail himself of the privilege of conducting activities in the forum;  (2) the claim must arise out of the defendant's forum-related activities;  and (3) the exercise of jurisdiction must be reasonable." Sedgwick, 796 F.2d at 302; Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  Where the defendant presents "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test. Id. at 302. On the other hand,  "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991).   The purposeful availment prong prevents defendants from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995).

The court considers the following factors to determine the reasonableness of the district court's exercise of personal jurisdiction.

(1) the extent of defendant's purposeful interjection into the forum state's affairs;

(2) the burden on defendant of defending in the forum;

(3) the extent of conflict with the sovereign of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to plaintiff's interest in convenient and effective   relief; and

1       (7) the existence of an alternative forum.

2 See Terracom, 49 F.3d at 561.  The court balances all factors, recognizing that none of the factors is
3 dispositive in itself.  Id.

4       As Westbury asserts specific, but not general, jurisdiction over Defendants, each element is
5 discussed in turn.

6       <u>Purposeful Availment</u>

7       The Ninth Circuit has refined this prong to mean that the defendant has either (1) "purposefully
8 availed" itself of the privilege of conducting activities in the forum, or (2) "purposefully directed" its
9 activities toward the forum.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.
10 2004).  While the phrase "purposeful availment" is sometimes used so as to include both purposeful
11 availment and purposeful direction, "availment and direction are, in fact, two distinct concepts."  Id.
12 Courts typically employ the "purposeful availment" prong in contract cases, and the "purposeful
13 direction" analysis in tort cases.  Yahoo! Inc. v. La Lingue Contre Le Racisme et L'Antisemitisme, 433
14 F.3d 1199, 1206 (9th Cir. 2006).  Therefore, as this case is based in contract, Westbury must establish
15 that Specialty purposefully availed itself of the privilege of conducting activities in California.

16       The "purposeful availment" prong is satisfied when the defendant is considered to have availed
17 itself of the privilege of doing business in the forum state, or where the defendant took some action in
18 the state, such as executing or performing a contract.  Id.  The United States Supreme Court has ruled
19 that a nonresident defendant does not purposefully avail itself of a forum merely by entering into a
20 contract with a forum resident.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985).  Instead,
21 courts need to evaluate "prior negotiations and contemplated future consequences, along with the terms
22 of the contract" to determine purposeful availment.  Id. at 479.

23       The court concludes that Westbury fails to establish that Specialty purposefully availed itself
24 of the privilege of doing business in California.  All in-person negotiations of the business relationship
25 between Specialty and Navitas occurred in Alabama.  (Brito Decl. ¶4).  Representatives of Westbury
26 traveled to Alabama on multiple occasions and, on one trip, the Westbury representatives spent one
27 week in Alabama giving presentations to Specialty's management concerning financing alternatives.
28 (Brito Decl. ¶ 3-4).  Specialty's representatives did not travel to California and Specialty compensated

Navitas for the expenses incurred by its representatives while in Alabama. (Brito Decl. ¶4). Moreover, Specialty has never conducted any business in California. (Brito Decl. ¶2). The agreement between the parties, while originally contemplating the application of California law, specifically provides that Texas law controls the parties' contractual relationship. (RJN Exh. 1, ¶7). Furthermore, within three weeks of executing the agreement, Navitas assigned all its rights in the contract to Westbury, a Connecticut LLC. (RJN Exh. 3). The evidentiary record demonstrates that the negotiations between the parties and future consequences of the contract all occurred outside the State of California.

Westbury argues that Specialty "purposefully directed" activities toward California. (Oppo. at p. 7:7-9; 7:24-26). As set forth above, the court notes that the appropriate legal standard in breach of contract cases is whether the out-of-state resident purposefully availed itself of doing business in the forum, and not whether the out-of-state resident purposefully directed activities towards the forum. Yahoo!, 433 F.3d at 1206. Westbury also places great weight on Navitas's use of Specialty's web-based service, that Specialty provided Westbury with passwords to access Specialty's web-based service, that "80-90% of all the work relative to the subject contract at issue was done in California, and that Specialty provided records "and other information" to Navitas in California. These incidental activities are simply insufficient to establish that Speciality purposefully availed itself of the privilege of doing business in California and do not weigh in Westbury's favor as the "ordinary 'use of the mails, telephone, or other international communication simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" Roth v. Garcia Marquez, 942 F.2d 617, 622 (9th Cir.1991) (quoting Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir.1985)).

In sum, the purposeful availment prong strongly weighs against the exercise of personal jurisdiction over Specialty.

### The Relatedness of the Claim and Contact

The second prong to establish specific personal jurisdiction analyzes whether the claim arises from the defendant's forum-related activities. " Sedgwick, 796 F.2d at 302. Here, the court concludes that Specialty did not engage in any activity in California and the alleged breach occurred when Specialty, in Alabama, obtained financing independently of Westbury's consultation.

In sum, this prong is not satisfied.

<u>Reasonableness of the Exercise of Personal Jurisdiction</u>

The touchstone for the exercise of personal jurisdiction over an out-of-state defendant is that it must be reasonable "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe</u>, 326 U.S. at 316. As Specialty lacks minimum contacts with California, the exercise of personal jurisdiction over Specialty is unreasonable.

In sum, the court denies without prejudice the motion to dismiss for lack of subject matter jurisdiction, grants the motion to dismiss for lack of personal jurisdiction, and denies the motion to transfer venue as moot.

**IT IS SO ORDERED.**

DATED: June 27, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties